## Stewart v. Commonwealth.

(Decided March 24, 1925.)

### Appeal from Edmonson Circuit Court.

1. Indictment and Information—Indictment for Possession Held Not Duplicitous—"Keep"—"Have"—"Spirituous"—"Intoxicating Liquors."—Indictment charging that accused did unlawfully "keep and have in his possession spirituous and intoxicating liquors" held not duplicitous; "have" and "keep" being synonymous, as are also "spirituous" and "intoxicating" liquors.

2. Intoxicating Liquors—Evidence of Unlawful Possession Held to Raise Question of Fact for Jury.—Evidence that accused had unlawful possession of intoxicating liquor held to raise question of fact for jury.

MILTON CLARK for appellant.

FRANK E. DAUGHERTY, Attorney General, and MOORMAN DITTO, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE SAMPSON—Affirming.

Appellant, Stewart, urges three grounds for a reversal of the judgment against him: (1) Demurrer to the indictment should have been sustained; (2) the evidence offered by the Commonwealth is insufficient to warrant a conviction; (3) the trial court erred in refusing to allow appellant through his counsel to show that the infant witnesses against him had been coached by their parents.

1. Appellant says that the indictment is duplicitous and, therefore, subject to demurrer. It charges appellant, Stewart, with the offense of *unlawfully having spirituous liquors in possession.* In the descriptive part of the indictment it is averred that the accused "did unlawfully have and keep in his possession spirituous and intoxicating liquors for other," etc. He argues that "to have" and "to keep" are two separate acts and constitute two different offenses, and makes the indictment duplicitous. If one "have" liquor in possession, does he not "keep" it in his possession for the instant at least   We think the terms "have" and "keep" as employed in the indictment are synonymous.   Neither is the indictment bad because it charges the possession of "spirituous and intoxicating liquors" for spirituous and intoxicating liquors are one and the same, as the words are employed in the indictment before us.   This ground is not well taken.

2. Appellant next claims that the evidence was not sufficient to warrant the jury in finding him guilty. Two witnesses, both under age, one a girl fifteen years old and the other a boy twelve years of age, testify positively and specifically that they saw appellant Stewart at the home of their father, on a certain named Sunday with a fruit jar that had white whiskey in it, concealed under the bib or lapel of his overalls.   Other witnesses testified that they did not see the whiskey.   Appellant testified he did not have it.   This made a question for the jury.   Its finding of fact was fully justified by the evidence.

3. Appellant contends that the two witnesses for the Commonwealth, being mere children, had been coached by their father, whom he insists was unfriendly to him, and that the court unreasonably limited appellant's cross-examination of the two infant witnesses. We have examined the record and find no merit in this con-

tention. Appellant was allowed, through counsel, to carefully cross-examine the infant witnesses; their testimony, as shown by the record, was not shaken. There was nothing in the record to indicate that the father of the witnesses had coached them in any way. They stated that their father admonished them to tell only the truth and that such was all the instructions he gave to them. There is no other evidence on the subject.

Finding no error prejudicial to the rights of appellant the judgment is affirmed.

Judgment affirmed.